CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 13 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER DEAN HUBBARD, | ) |
| Plaintiff, | ) Case No. 7:11CV00162 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| COMMONWEALTH, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff Christopher Dean Hubbard, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Hubbard asserts that his conviction in the Henry County Circuit Court for being a habitual offender should be vacated. Upon review of the record, the court finds that the complaint must be construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and summarily dismissed without prejudice.[1]

## Background

Hubbard is currently incarcerated at the Western Virginia Regional Jail in Salem, Virginia. His sparse submissions, supplemented by electronic state court records,[2] indicate that Hubbard was convicted in November 2009 in the Henry County Circuit Court on a charge of being a habitual offender, for which the Court sentenced him to one year imprisonment. In

---

[1] Hubbard previously filed a similar action under § 1983, challenging this same conviction; that case was also construed as a § 2254 habeas petition and summarily dismissed without prejudice because he had not exhausted state court remedies. See Hubbard v. Commonwealth, Case No. 7:11CV00085 (W.D. Va. February 28, 2011).

[2] Electronic records of these state courts are available online at:
http://wasdmz2.courts.state.va.us/CJISWeb/Logoff.do

December 2009 and January 2010, he received additional terms of imprisonment for convictions in other state court cases.

Under the "Claims" section of the § 1983 complaint form, Hubbard alleges the following, verbatim:

> It's like the courts and judge are working together with the police officer whom did proceed action just statement. Hubbards appeal of this judgment to the Court of Appeals of Virginia for the fact of the evidence were not given unto the courts were substanced to the case. Hubbard has not exhausted state court remedies but Hubbard has given all the facts to forfill the remedies rights to file the petition unto the courts do to rights.

As relief in this action, Hubbard asks "for the Habitual Offender Act to be cleared from [his] Record and the probation violating be restated and Release from probation."

## Discussion

To determine whether an action is properly considered a civil rights complaint under § 1983 or a habeas corpus petition requiring exhaustion of state remedies pursuant to § 2254, a court must consider whether the "core" of the litigant's claim concerns the fact or duration of the litigant's confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). If so, then the litigant's appropriate remedy is in habeas.

In this case, Hubbard is clearly contesting the fact of his current confinement in the Virginia prison system under the Habitual Offender conviction and seeks to have that conviction vacated because he believes his trial was unfair. Such claims are not cognizable under § 1983 and must be pursued in the habeas context. Preiser, supra.

A district court is not limited by the name that a litigant gives to his lawsuit and may liberally construe a civil rights complaint as a habeas petition, pursuant to § 2254, depending on

the nature of the claims raised. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Under § 2254(b), however, a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. Petitioner can satisfy the exhaustion requirement by filing a petition for a writ of habeas corpus in the Supreme Court of Virginia. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Va. Code. § 8.01-654. If the petitioner did not exhaust state court remedies and still has some available, the federal court must dismiss the § 2254 petition without prejudice to allow petitioner to return to state court with his claims. Slayton v. Smith, 404 U.S. 53, 54 (1971).

In this case, Hubbard clearly states that he has not exhausted his state court remedies and makes no mention of having presented his claims to the Supreme Court of Virginia before filing his federal petition. Electronic records of the Henry County Circuit Court and the Supreme Court of Virginia, which are available online,[3] also reflect that Hubbard has never pursued any appeal or habeas petition in the Supreme Court of Virginia and that he has not filed a habeas petition in the Henry County Circuit Court. Under state law, Hubbard could still file a state court habeas petition. See Va. Code Ann. § 8.01-654(A)(2) (allowing state habeas petition to be filed within two years from date of final judgment in trial court or within one year from final order on direct appeal, whichever is later). Hubbard's clear failure to exhaust state court remedies mandates summary dismissal of his federal habeas claims without prejudice. Id.

---

[3] Electronic records of these state courts are available online at: http://wasdmz2.courts.state.va.us/CJISWeb/Logoff.do

For the stated reasons, the court concludes that this civil action is properly construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and dismissed without prejudice,[4] pursuant to Rule 4 of the Rules Governing § 2254 Cases,[5] because petitioner has not exhausted state court remedies. An appropriate order shall be entered this day.

ENTER: This 13th day of April, 2011.

_____
Chief United States District Judge

---

[4] Dismissal without prejudice means that this order will not prevent petitioner from later pursuing his claims in another federal habeas petition if he is unsuccessful in obtaining relief from the Supreme Court of Virginia.

[5] Pursuant to Rule 4, the court can summarily dismiss a habeas action if it is clear from the face of the pleading that petitioner is not entitled to relief.